UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN BOSTON,<br><br>Petitioner,<br><br>vs.<br><br>METABANK, Aceflair Account,<br><br>Respondent. | 4:21-CV-04218-KES<br><br><br>ORDER REQUIRING PETITIONER TO SUBMIT A PRISONER TRUST ACCOUNT REPORT |

Petitioner, Benjamin Boston, an inmate at the DeKalb County Jail in Decatur, Georgia, filed a pro se petition for a writ of mandamus under 28 U.S.C. § 1361. Docket 1. This court granted Boston leave to proceed in forma pauperis and required him to pay an initial partial filing fee. Docket 5. This court dismissed Boston's case for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m). Docket 13. Judgment was entered against Boston, and he filed a notice of appeal. Dockets 14, 15. Now, Boston moves for leave to proceed in forma pauperis on appeal. Docket 16.

Under the Prison Litigation Reform Act (the "Act"), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (omission in original) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the

inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit Court of Appeals set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the Act. *Id.* First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

> (A)  the average monthly deposits to the prisoner's account; or
> (B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Boston has not submitted a prisoner trust account report as required for this court to assess his initial partial filing fee or waive that fee. *See* § 1915(b). Boston must submit a prisoner trust account report by **August 19, 2022**, or

this court will deny Boston's motion for leave to proceed in forma pauperis on appeal and require Boston to pay the full $505 appellate filing fee.

Thus, it is ORDERED:

1. That Boston must submit a prisoner trust account report by **August 19, 2022**. If Boston does not submit a prisoner trust account report, this court will deny his motion for leave to proceed in forma pauperis on appeal and require him to pay the full $505 appellate filing fee.

Dated July 19, 2022.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE