UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN BOSTON,<br><br>                    Plaintiff,<br><br>        vs.<br><br>METABANK, Aceflair Account,<br><br>                    Defendant. | 4:21-CV-04218-KES<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION TO AMEND, COMPELLING ARBITRATION, AND STAYING THESE PROCEEDINGS PENDING ARBITRATION |

Plaintiff, Benjamin Boston, filed a pro se petition for writ of mandamus under 28 U.S.C. § 1361 while an inmate at the DeKalb County Jail in Decatur, Georgia. Docket 1. The court granted Boston's motion to proceed in forma pauperis and ordered Boston to pay an initial partial filing fee. Docket 5 at 3. The court directed the United States Marshal Service to serve defendant Metabank. Docket 27. Metabank was served (Docket 30), and Pathward, N.A. (formerly known as Metabank) moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Dockets 32, 34.[1] Boston opposes Metabank's motion to dismiss. Dockets 37–39. Boston moves to amend the complaint. Dockets 45, 49, 52. Metabank opposes Boston's motion to amend. Docket 48. For the reasons set forth below, Boston's motion for leave

---

[1] Metabank's brief in support of its motion for dismiss (Docket 34 at 1) references Federal Rule of Civil Procedure 12(b)(7), but Metabank does not set forth any facts or legal arguments to support dismissal for failure to join a party.

to amend is denied, and Metabank's motion to dismiss is denied. The court construes Metabank's motion to dismiss as a motion to compel arbitration, which is granted.

## FACTUAL BACKGROUND

The facts alleged in Boston's initial pleading, which he characterizes as a writ of mandamus, are: Metabank issued him an Ace Flare card and is the custodian of his Ace Flare account. Docket 1 at 1. The Internal Revenue Service deposited Boston's 2019 and 2020 federal income tax refunds into his Ace Flare account. *Id.* at 2. Boston's 2019 refund check was in the amount of $750.00, and his 2020 refund check was $900.00. *Id.* Boston also received a COVID-19 stimulus check in the amount of $1,200.00, which was deposited into his Ace Flare account. *Id.*

In a supplement to Boston's initial pleading, which he characterizes as a complaint pursuant to 42 U.S.C. § 1983, Boston alleges that he receives alerts on his phone when funds are deposited or withdrawn from his Ace Flare account. Docket 9 at 4. When Boston was out of town working or looking for work, he received an alert that $500.00 was withdrawn from his account. *Id.* at 3–4. Boston alleges his roommate stole his wallet, which contained his Metabank-issued Ace Flare card, pin number, and social security number. Docket 1 at 2. Boston's roommate then fraudulently accessed Boston's Ace Flare account. *Id.* at 4. From November 2020 to November 2021, Boston reported suspected fraudulent account activity to Metabank by phone and by correspondence. *Id* at 2; *see also* Docket 9 at 3 ("I reported fraud to Metabank

2

over 20 times and nothing was ever done."). When Boston called Metabank for the tenth time to report fraudulent account activity, Metabank informed him the account was closed. Docket 9 at 4. Boston alleges that "Metabank's deliberate indifference and inept[] investigation" permitted his roommate to call and cancel his account. Docket 1 at 4. Metabank, in turn, informed Boston that no funds had been deposited into his account when the account was active. *Id.* Boston alleges that Metabank did not follow its policy of investigating and returning to its account holder funds that were lost due to the occurrence of fraud. *Id.*

In his initial pleading, Boston does not seek damages from Metabank, although he alleged that he lost his home because he could not pay rent. *Id.* at 5. Rather, Boston seeks an order directing Metabank to investigate the fraudulent activity he reported. *Id.* In his supplemental pleading, Boston requests that the court compel Metabank to comply with its internal policies, to investigate the fraud Boston alleges his roommate committed, and to return Boston's money. Docket 9 at 4. Boston also requests that the court compel Metabank to report Boston's roommate's criminal activity to law enforcement. *Id.*

## DISCUSSION

### I.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Mgmt. Co. v. United*

*States*, 4 F.3d 643, 646 (8th Cir. 1993) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). The Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." *Rock Island Millwork Co. v. Hedges-Gough Lumber Co.*, 337 F.2d 24, 26–27 (8th Cir. 1964); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, the court must first consider whether Boston's pleadings[2] involve a dispute or controversy within its jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) ("[B]ecause jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset[.]").

## A.    28 U.S.C. § 1361

District courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Construing Boston's initial pleading liberally, he seeks a writ of mandamus compelling Metabank to investigate fraudulent activity related to his Ace Flare account. Docket 1 at 1, 5; *see also* Docket 9 at 4. Because Metabank is not an agency of the United States, this court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1361. *See Pankey v. Webster*, 816 F. Supp. 553, 558 (W.D. Mo. 1993) (recognizing that no cause of action lies under 28 U.S.C.

---

[2] Boston has filed a petition for writ of mandamus (Docket 1) supplemented with a complaint pursuant to 42 U.S.C. § 1983 (Docket 9).

§ 1361 unless the defendant is an officer or employee of the United States or a federal agency).

**B.    28 U.S.C. § 1331**

District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The court construes Boston's supplemental pleading (Docket 9) as a complaint pursuant to 42 U.S.C. § 1983. Boston alleges Metabank violated his Fourteenth Amendment due process rights. Docket 9 at 4. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). It is presumed that private conduct does not constitute state action. *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982). A private entity acts "under color of state law" if "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). Neither Boston's initial pleading (Docket 1) nor his supplemental pleading (Docket 9) allege any facts to establish that Metabank, a private entity, was acting under "color of state law."

Boston alleges that Metabank is a federally chartered bank. Docket 1 at 4. But "the mere fact that an otherwise private actor operates under a federal or state government charter does not transform it into a state actor." *Walker v. Bank of Am.*, 2022 WL 910585, at *3 (N.D. Ill. Mar. 29, 2022) (citing *Ordower v.*

*Off. of Thrift Supervision*, 999 F.2d 1183, 1187 (7th Cir. 1993)). Boston has not alleged a viable § 1983 claim that gives rise to federal-question jurisdiction under 28 U.S.C. § 1331. *See Moore v. Carpenter*, 404 F.3d 1043, 1046 (8th Cir. 2005) (per curiam) ("The [Fourteenth] Amendment does not protect against conduct of private persons[.]").

Boston alleges that Metabank has violated the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"). *See* Docket 1 at 1. According to Metabank, Boston "makes passing reference to 15 U.S.C. § 1693f[,]" but he fails to state a claim under the EFTA because he does not allege transmission of qualifying documentation from Metabank or timely notice of an alleged error. Docket 34 at 3. The court disagrees. Because Boston is pro se, the court must construe his complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Id.* (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554-63)).

6

The EFTA provides a "basic framework establishing the rights, liabilities, and responsibilities of participants" in electronic banking and its primary objective "is the provision of individual consumer rights." 15 U.S.C. § 1693(b). The EFTA provides that "any person who fails to comply with any provision of this subchapter with respect to any consumer . . . is liable to such consumer[.]" 15 U.S.C. § 1693m(a). The EFTA allows recovery of actual or statutory damages and attorneys' fees. *Id.*

If a consumer reports an error, including an unauthorized electronic fund transfer, to a financial institution, the EFTA requires the financial institution to investigate and promptly correct errors the investigation confirms. 15 U.S.C. § 1693f(a), (b), (f). Metabank contends that because Boston did not timely report the alleged errors, he has not stated a claim for violation of § 1693f. Docket 34 at 3. Metabank's argument overlooks the provisions of the EFTA that limit a consumer's liability for unauthorized transfers. 15 U.S.C. § 1693g. Construing Boston's initial pleading and supplemental complaint liberally, the courts finds that the allegations are sufficient to assert a claim that Boston's liability should be limited because he notified Metabank that he did not authorize his roommate to access and withdraw funds from his account. Furthermore, Boston alleges that his notice was timely because Metabank's policies provide for an extension of a consumer's time to report unauthorized transfers due to jail, injury, or sickness. Docket 1 at 4; *see also* Docket 35-1 at 11 ("If a good reason (such as a long trip or a hospital stay) kept you from telling us, we will extend the time periods for a reasonable period.");

7

Docket 37 at 3; 12 C.F.R. § 205.6(b)(4) ("If the consumer's delay in notifying the financial institution was due to extenuating circumstances, the institution shall extend the times specified above to a reasonable period."). Boston has pleaded a claim for violation of the EFTA, which gives rise to federal-question jurisdiction.[3] Metabank's motion to dismiss pursuant to Rule 12(b)(1) is denied.

Because the court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 based on Boston's allegation that Metabank violated the EFTA, the court need not need consider Metabank's alternative argument that diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000. *See* Docket 34 at 2.

## II.    **Motion to Amend Complaint**

Metabank filed its motion to dismiss on February 14, 2023. Docket 32. On May 30, 2023, Boston filed a motion for leave to amend the complaint. Docket 45. Specifically, Boston seeks to amend his claimed relief to seek $80,000. *Id.* at 1. He also seeks to state more clearly the alleged procedural violation and to provide additional detail regarding his communications with Metabank reporting the fraud on his account. *Id.* at 1–2. Boston did not attach a copy of the proposed amended complaint to his motion to amend as required by D.S.D. Civ. LR 15.1. *See* Docket 45.

---

[3] Metabank does not dispute that a claim arising under the EFTA would give rise to federal-question jurisdiction. *See* Docket 34.

Because Boston's motion to amend was filed more than twenty-one days after Metabank filed its motion to dismiss, Boston must obtain leave of court to amend his complaint. Fed. R. Civ. P. 15(a)(1)(B), (2). But Boston's motion to amend does not comply with the District of South Dakota's Local Rules of Practice. A district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to attach a proposed amended complaint in accordance with a local court rule of procedure. *See Ellis v. City of Minneapolis*, 518 F. App'x 502, 504–05 (8th Cir. 2013) (citations omitted); *U.S. ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012). Boston's motion for leave to amend the complaint (Docket 45) is denied.

The Eighth Circuit has recognized that a motion to amend a complaint in response to a motion to dismiss may render the motion to dismiss moot. *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). In this case, the court finds that Boston's motion to amend does not render Metabank's motion to dismiss moot. First, as previously noted, Boston's motion to amend is denied. Second, the court has subject matter jurisdiction under 28 U.S.C. § 1331 because Boston has alleged a claim arising under the EFTA. It is not necessary for the court to consider Metabank's argument that the court does not have subject matter jurisdiction under 28 U.S.C. § 1332 because Boston did not allege that the amount in controversy exceeds $75,000 in his initial pleading (Docket 1) and his supplemental pleading (Docket 9). Finally, as discussed below, the court construes Metabank's Rule 12(b)(6) motion to

dismiss as a motion to compel arbitration and to stay this action pending arbitration. Boston's proposed amendment has no bearing on this issue.

### III.   Rule 12(b)(6) Motion to Dismiss

Metabank contends that Boston's case should be dismissed because the ACE Flare Deposit Account Agreement contains a binding arbitration clause. Docket 34 at 4. Boston did not attach a copy of the agreement to his initial pleading or supplemental complaint, but Metabank submitted a copy of the agreement in support of its motion to dismiss. Docket 35-1. When a defendant files a motion to dismiss, the court may consider "documents necessarily embraced by the complaint, including documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1033 (8th Cir. 2022) (quotation omitted). "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). In this case, Boston alleges that he has an ACE Flare card, and the Deposit Account Agreement for the card is a document that is embraced by his initial pleading and supplemental complaint. *See* Docket 1 at 4; Docket 9 at 5 (referencing Metabank's account policies).

Section 14 of the agreement states that the parties may elect to arbitrate or require arbitration of "all claims even indirectly related to [the cardholder's] Account[.]" Docket 35-1 at 17. Boston does not allege that he voluntarily opted out of the arbitration clause within sixty days of establishing his account. *See*

10

Dockets 37–39. His claims arise from Metabank's alleged failure to comply with the EFTA when he reported suspicious and fraudulent account activity. Dockets 1, 9. Thus, Metabank has the right to demand arbitration of the dispute. Docket 35-1 at 18 ("Either party may bring a lawsuit if the other party does not demand arbitration.").

The Federal Arbitration Act (FAA) allows parties to use arbitration rather than lawsuits to resolve their disputes. 9 U.S.C. § 2. Under the FAA, a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" *Id.* "A court must grant a motion to compel arbitration if a valid arbitration clause exists which encompasses the dispute between the parties." *3M Co. v. Amtex Sec.*, *Inc.*, 542 F.3d 1193, 1198 (8th Cir. 2008) (citations omitted). "[T]he FAA 'leaves no place for the exercise of discretion by a district court' and obligates the court to refer arbitrable matters to binding arbitration." *Triplet v. Menard, Inc.*, 42 F.4th 868, 870 (8th Cir. 2022) (quoting *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004) (citation omitted)).

When a contract is within the scope of the FAA,[4] courts engage in a two-part inquiry to determine whether to stay the case and compel arbitration. *See Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004). The first inquiry is whether a valid arbitration agreement exists. *Id.* The second inquiry is "whether

---

[4] The Ace Flare Deposit Account Agreement provides that it is governed by the FAA. *See* Docket 35-1 at 18.

the particular dispute falls within the terms of that agreement." *Id.* (citations omitted). In his opposition to Metabank's motion to dismiss, Boston does not dispute that there is a valid arbitration agreement or that his claims against Metabank fall within the terms of the agreement to arbitrate. Dockets 37–39. It is well established that EFTA claims may be subject to mandatory arbitration provisions. *See Pitlor v. Charles Schwab Corp.*, 2019 WL 2076797, *3 (D. Neb. May 10, 2019); *Johnson v. W. Suburban Bank*, 225 F.3d 366, 379 (3d Cir. 2000); *Howse v. DirectTV, LLC*, 221 F. Supp. 3d 1339, 1346 (M.D. Fla. 2016); *Byrd v. SunTrust Bank*, 2013 WL 3816714, at *15 (W.D. Tenn. July 22, 2013); *Guadagno v. E*Trade Bank*, 592 F. Supp. 2d 1263, 1272 (C.D. Cal. 2008).

In this case, the court construes Metabank's motion to dismiss for failure to state a claim as a motion to compel arbitration, which is granted. "If any suit or proceeding be brought . . . upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . ." 9 U.S.C. § 3. Thus, this action is stayed pending arbitration. While Metabank's motion to dismiss was pending, Boston filed a motion for discovery (Docket 54), and Metabank filed a motion to stay discovery (Docket 56). Because the court has stayed this action pending arbitration, these motions are now moot. Thus,

IT IS ORDERED:

1.    That Metabank's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Docket 32) is denied.

2.    That Boston's motions to amend the complaint (Dockets 45, 49, 52) are denied.

3.    That Metabank's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Docket 32) is denied because the motion is more properly characterized as a motion to compel arbitration.

4.    That Metabank's motion to compel arbitration (Docket 32) is granted, and this matter is stayed pending arbitration. The parties must provide the court a status update on the arbitration proceedings by **December 1, 2023**.

5.    That Boston's motion for discovery (Docket 54) and Metabank's motion to stay discovery (Docket 56) are denied as moot.

6.    That the Clerk of Court, in accordance with D.S.D. Civ. LR 5.2.A.1, should redact Boston's social security number from his initial pleading (Docket 1 at 5) and his supplemental pleading (Docket 9 at 3).

Dated September 6, 2023.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE